# W. L. MOODY COTTON CO. v. POLLEY.

No. 9187.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 6, 1933.

Rehearing Denied Jan. 10, 1934.

Seabury, George & Taylor, of Brownsville, and Carter & Stiernberg, of Harlingen, for appellant.

H. B. Galbraith, of Brownsville, and Davis & Davis, of Center, for appellee.

MURRAY, Justice.

This is a suit brought by appellant, W. L. Moody Cotton Company, as plaintiff, against the appellee, Mrs. Minta Polley, both personally and as administratrix of the estate of O. H. Polley, deceased, as defendant, for the aggregate amount, with interest, of certain advances and charges on 2,202 bales of cotton consigned by decedent to appellant at various times from August 31 to October 15, 1929.

The case was tried with a jury, and each party moved for a directed verdict, appellant moving for verdict for the full amount claimed, appellee moving for verdict that appellant take nothing by its suit; but the trial court, denying both motions, instructed the jury, as upon the court's own motion, to find in favor of appellant for $35,009.65, and entered judgment for appellant for that amount, and for title to the 2,104 bales of said cotton remaining on hand (98 bales having been destroyed by fire during the litigation), with certification of the judgment to the probate court for observance, etc. To this action of the trial court, both parties excepted and gave notice of appeal to this court. The plaintiff, appellant, in due course filed its appeal bond; appellee did not perfect her appeal.

Appellant, appellee, and the trial court had, each, a different theory of the case. Appellant had alleged in its pleadings that for several years prior to the transactions in suit, O. H. Polley had been consigning cotton to appellant and a course of dealing had grown up between them, which was also appellant's customary method of dealing with cotton consigned to it by its customers, and that the first deliveries of the cotton now in controversy were made with the understanding that they should be handled in accordance with such course of dealing. That later, on September 24, 1929, the existing arrangement was extended to include more cotton, making 2,000 bales in all, under an express agreement (substantially the same as the original arrangement and course of dealing), to the effect (1) that appellant would advance the cost price of said cotton, the freight charges thereon from point of shipment to Galveston, Tex., and the storage and insurance charges, which advances, with interest at 6 per cent. per annum and the handling charge, should be repayable on demand, and (2) that appellant would hold the cotton subject to the shipper's disposition, but that if the market price should fall below the amount of such advances, O. H. Polley would on demand margin the account by cash payment or adequate security for the difference, and that, if he failed to do so when requested, appellant would have the right to sell said cotton to make the amount of such advances, charges, and interest. That still later, on October 9, 1929, the express agreement was, by writing, extended to include 200 more bales, making 2,200 bales in all. Appellant had further alleged that neither payment nor margin was ever demanded of O. H. Polley, nor did he ever make or instruct any disposition of the cotton up to his death on January 6, 1930, and that no payment has ever been made on the account, and the cotton is still held by appellant for Mr. Polley's estate, except 98 bales burned and duly accounted for. Appellant's theory of the case was that prior to Mr. Polley's death, the circumstances had not arisen to give appellant the right, or to charge it with the duty, of selling the client's cotton; that after his death appellant requested instructions from Mrs. Polley and was instructed not to sell; that appellant never had the right to sell at all, and certainly not the duty, and was therefore entitled to the full amount of its advances, interest, and charges, being more than $260,000, regardless of the great decline in the market price of this cotton since its purchase.

Appellee, besides a general denial, had pleaded specially that the cotton had been consigned solely in accordance with the general usage of the trade, by which usage it became the duty, as well as the right, of the factor to sell the cotton whenever, and as soon as, the current market price fell below the amount of the advances, if the shipper refused to put up adequate margin on demand; and that about December 25, 1929, that condition of the market arose and margin was demanded by appellant and expressly refused by O. H. Polley. Appellee's theory of the case was clearly that appellant had violated its duty to its client by not selling him out immediately upon the alleged demand for margin, and his refusal to put it up, and therefore should be denied any money recovery, but, apparently, adjudged or treated as owner (purchaser) of the cotton.

The theory adopted by the trial court was that appellant never owed Mr. Polley any duty to sell the cotton, but that such duty arose in favor of his estate immediately upon and as the consequence of his death, and that breach of that duty should be corrected by figuring on the basis of what would have resulted had the cotton been then sold, inasmuch as the judgment vested appellant with the title to the cotton, while by the directed verdict appellant recovered the exact amount, with legal interest, of the excess of its advances, interest, and charges over the market value as it stood just after Mr. Polley's death.

■ The evidence was sharply contradictory as to whether or not such demand for margin had been made and declined in December, 1929. This presented an issue of fact which should have been submitted to the jury.

The evidence was also conflicting as to whether this cotton was shipped under a special agreement or was to be handled under the customs and usages of cotton factors in East

Texas. This presented another issue which should have been submitted to the jury.

■■ Appellant had also alleged and therefore had the burden of proving that it had a special custom and usage whereby it had the right, but did not owe the duty, to sell the cotton upon demand for margin and the refusal of same, and that this special custom was well known to O. H. Polley. Polley's knowledge of this custom was only shown by circumstances and was an issue requiring a jury finding.

■ The trial judge took the case out of the hands of the jury and proceeded to give an instructed verdict, based upon the proposition that the death of Polley imposed a duty upon appellant to sell the cotton within a reasonable time. This proposition had not been pleaded by either appellant or appellee and the judgment as rendered is not supported by the pleadings. It is settled law that the judgment must be supported by the pleadings.

It was undisputed that appellant had made all the advances claimed and was entitled to the charges claimed, unless defeated by the counterclaim set up by appellee and the trial court could not render a judgment based upon a theory not pleaded by either party.

The judgment is reversed and the cause remanded.