### W. L. MOODY COTTON CO. v. HERVEY.

#### No. 9816.

Court of Civil Appeals of Texas.
San Antonio.

April 22, 1936.

Rehearing Denied Oct. 21, 1936.

Frank S. Anderson, of Galveston, Carter & Stiernberg, of Harlingen, and Seabury, Taylor & Wagner, of Brownsville, for appellant.

Galbraith & Goodrich, of Brownsville, and W. I. Davis, of Center, for appellee.

MURRAY, Justice.

This is the second appeal of this cause. See W. L. Moody Cotton Co. v. Polley (Tex.Civ.App.) 66 S.W.(2d) 807, where the facts out of which this cause arose are fully stated.

Appellant, Moody Cotton Company, instituted this cause against Mrs. Minty Polley Hervey, suing her both in her individual capacity and as administratrix of the estate of her deceased husband O. H. Polley, seeking to recover the aggregate amount of advances made by it to O. H. Polley on 2,202 bales of cotton consigned by O. H. Polley and his agent to appellant at various times from August 31 to October 15, 1929.

The cause was submitted to a jury upon six special issues which were answered by the jury as indicated, to wit:

"Special Issue No. 1: Did O. H. Polley on or about September 24th, 1929, verbally agree with plaintiff's agent, J. W. Craddock, regarding the first 2000 bales shipped by O. H. Polley to plaintiff, that if the market price of such cotton should fall below the amount of plaintiff's advances on it, with interest and charges, and said O. H. Polley should fail to margin the account when requested to do so, plaintiff would have the right to sell the cotton at its discretion? Answer yes or no.

"We, the jury, answer: No.

"Special Issue No. 2: Was it the special custom and practice of plaintiff during and prior to the cotton shipping season of 1929 in handling shipments of cotton on which it made advances, to hold, store and insure the same for customer's account until the customer should direct sale thereof, and if the market price of said cotton should fall below the amount of such advances, with interest and charges, to use its own business judgment as to whether it would continue to extend credit to the shipper or would require margin or security for the difference, or, on customer's failure or refusal to so margin or secure the account on demand, it would sell out said cotton without customer's instructions? Answer yes or no.

"We, the jury, answer: No.

"If you have answered the foregoing issue 'yes' then answer issue No. 3, but if you have answered the same 'no' then you need not answer issue No. 3.

"Special Issue No. 3: At the time O. H. Polley shipped to plaintiff the 2202 bales of cotton involved in this suit, did said O. H. Polley know of plaintiff's said custom and practice in handling shipments of cotton, if any? Answer yes or no.

"We, the jury, answer: ———.

"Special issue No. 4: Did the plaintiff ever receive instructions from O. H. Polley, or his representative, to sell any of the cotton involved in this suit? Answer yes or no.

"We, the jury, answer: No.

"Special Issue No. 5: Did O. H. Polley contract with the plaintiff Company under the general custom of the cotton factoring trade as it existed in East Texas in the year 1929? Answer yes or no.

"We, the jury, answer: Yes.

"Special Issue No. 6: Do you find that demand for margin was made of and refused by O. H. Polley by plaintiff through its agent, J. W. Craddock, on or after October 16th, 1929? Answer yes or no.

"We, the jury, answer: Yes."

Upon these findings of facts by the jury, the trial judge entered judgment that appellant take nothing by reason of the demands other than judgment in the sum of $29,314, same being the amount of the principal and accrued interest due on two promissory notes for the principal sum of $10,000 each, given by O. H. Polley to appellant to margin his cotton account, sued on, herein.

From this judgment the W. L. Moody Cotton Company has prosecuted this appeal.

The controlling question in this case is whether appellant owed the duty to O. H. Polley to close his account and sell the pledged cotton after demand had been made and margin refused, or whether appellant might sell or hold the cotton at its discretion.

Appellant's contention is that this cotton was handled under a special custom whereby appellant as a cotton factor was not required to sell the pledged cotton when margin was demanded and refused, but could use its own discretion as to whether it would sell.

Appellee's contention is that this cotton was handled under the general custom of cotton factors which was commonly followed in Galveston, Houston, and East Texas, which required that when margin was demanded by the factor and refused by the owner of the cotton, the factor must sell the cotton within twenty-four hours.

The issue thus raised there was submitted to the jury and found by them favorable to appellee; and if such finding is supported by evidence, it is binding upon this court and determinative of this cause.

■ Appellee offered several witnesses as to the general custom. Clark, McFarland, Runnels, McDonald, and Cleveland all testified to the existence of the general and universal custom, which required the factor to sell when margin had been demanded and refused. The testimony of these witnesses was sufficient to support the findings of the jury.

This testimony is further supported by many court decisions. See Cleveland & Sons v. Jamison (Tex.Civ.App.) 182 S.W. 1175; Robinson v. Cleveland & Sons (Tex. Civ.App.) 217 S.W. 171; Feild v. Farrington, 10 Wall. 141, 19 L.Ed. 923.

■ It is further contended by appellant that the testimony does not support the jury finding that a demand was made for margin in October, 1929, and refused by O. H. Polley. Upon this issue appellee offered her own testimony and that of J. O. Payne and Henry Runnels to the effect that J. W. Craddock, an admitted agent of appellant, was in the city of Center during the month of October, 1929, and there demanded of O. H. Polley more margin on his cotton account which was refused by Polley. Craddock denied not only the conversation, but even the fact that he was in the city of Center in October, 1929. With the testimony thus sharply contradictory, the jury was called upon to find whether the demand for margin was made and refused by Polley. The jury by their answer to special issue No. 6 found that such demand was made and refused. Their finding is supported by evidence and is binding on this court.

■ The answer to the issue submitted being supported by the evidence, the judgment based thereon should not be disturbed by this court.

Accordingly, the judgment of the trial court is affirmed.

### On Motion for Rehearing.

Appellant insists, in its motion for rehearing, that regardless of the fact that the jury found that the cotton here involved was shipped under the general customs and usages of cotton factoring, and that such customs and usages required that the cotton factor, upon demand for margin and the failure of the consignor to furnish such margin, close the contract and sell the consigned cotton, and notwithstanding the fact that O. H. Polley died in January, 1930, appellee, as administratrix of the estate of her deceased husband, O. H. Polley, ratified the acts of appellant in not selling this cotton by her request made in the summer of 1930, to the effect that appellant not sell the cotton at that time, and that by reason of such ratification appellee is now estopped to complain that appellant did not sooner sell said cotton.

■ We cannot agree with this contention. In the first place, when demand for margin was made by appellant and refused by O. H. Polley, it then and there became the duty of appellant to sell the cotton and

278

close the contract, and therefore there was no contract thereafter in existence, which Mrs. Minta (Polley) Hervey, as administratrix of her deceased husband's estate, might ratify. In the second place, when O. H. Polley died, in January, 1930, this in itself terminated the factoring contract, and it then and there became the duty of appellant, if it had not already done so, to sell the pledged goods and account to the estate for any surplus or make demand upon the estate for any deficit. 14 Tex. Jur. p. 46, § 299; 25 C.J. p. 347, § 11.

Therefore, in the summer of 1930, appellee could not bind the estate of O. H. Polley, or herself, individually, without a full disclosure of all the facts and circumstances surrounding this cotton, and it is unreasonable to suppose that she would have, without any consideration whatever, voluntarily assumed a loss of some $50,000, which had at that time accrued, as the result of the cotton factor's not disposing of the cotton at the time it became his duty to do so.

We adhere to our former decision in this case, and appellant's motion for rehearing will be overruled.